**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REFUS HOLLOWAY, JR.  and
LUCIARE FRIPP,

       Plaintiffs,

v.                                   Case No:  6:15-cv-129-Orl-40GJK

THE CITY OF ORLANDO,
WILLIAM ESCOBAR, and JOEL
WILLIAMS,

       Defendants.

_____

## <u>ORDER</u>

This cause comes before the Court on the following:

1. Plaintiff Luciare Fripp's Motion to Review Defendant William Escobar's Proposed Bill of Costs (Doc. 95), filed September 20, 2016;

2. Defendant William Escobar's Response to Plaintiff's Motion to Review Proposed Bill of Costs (Doc. 98), filed October 3, 2016;

3. Defendant William Escobar's Motion to Review Plaintiff Refus Holloway's Proposed Bill of Costs (Doc. 96), filed September 28, 2016;

4. Plaintiff Refus Holloway's Motion to Tax Attorney's Fees and Costs with Incorporated Memorandum of Law (Doc. 97), filed September 28, 2016; and

5. Defendant William Escobar's Response to Plaintiff's Motion for Attorney's Fees and Costs (Doc. 101), filed October 19, 2016.

## I.   BACKGROUND

Plaintiffs, Refus Holloway, Jr. ("Holloway") and Luciare Fripp ("Fripp"), initiated this civil rights lawsuit on January 27, 2015 against Defendants, the City of Orlando (the "City"), William Escobar ("Officer Escobar"), and Joel Williams ("Officer Williams").  In their Complaint, Plaintiffs alleged the following claims:

- Count I: 42 U.S.C. § 1983 False Arrest, Holloway v. Officer Williams;

- Count II: 42 U.S.C. § 1983 False Arrest, Holloway v. Officer Escobar;

- Count III: 42 U.S.C. § 1983 Excessive Force, Holloway v. Officer Williams;

- Count IV: 42 U.S.C. § 1983 Excessive Force, Holloway v. Officer Escobar;

- Count V: 42 U.S.C. § 1983 Violation of Due Process; Holloway v. Officers Williams and Escobar;

- Count VI: 42 U.S.C. § 1983 *Monell* Claim, Holloway v. the City;

- Count VII: State Law False Imprisonment; Holloway v. Officer Williams;

- Count VIII: State Law False Imprisonment; Holloway v. Officer Escobar;

- Count IX: State Law Battery; Holloway v. Officer Williams;

- Count X: State Law Battery; Holloway v. Officer Escobar;

- Count XI: State Law Malicious Prosecution; Holloway v. Officer Escobar;

- Count XII: State Law Intentional Infliction of Emotional Distress, Holloway v. Officer Williams;

- Count XIII: State Law Intentional Infliction of Emotional Distress, Holloway v. Officer Escobar;

- Count XIV: State Law Intentional Infliction of Emotional Distress, Fripp v. Officer Williams; and

- Count XV: State Law Intentional Infliction of Emotional Distress, Fripp v. Officer Escobar.

On August 16, 2016, the Court granted summary judgment in favor of the City on Count VI and in favor of Officer Williams on that portion of Count III which Holloway brought under the Fourteenth Amendment.  Additionally, following the close of Plaintiffs' case-in-chief at trial, the Court entered judgment as a matter of law in favor of Officers Williams and Escobar on Counts XIV and XV and dismissed Fripp from the case.  All remaining counts were submitted to the jury.

On September 12, 2016, the jury returned their verdicts.  As to Officer Williams, the jury found in favor of Officer Williams on all counts.  As to Officer Escobar, the jury found that Officer Escobar violated Holloway's federal constitutional rights by using excessive force against him.  On this claim, the jury awarded $1,000 in compensatory damages and $12,500 in punitive damages.  The jury also found that Officer Escobar battered and intentionally inflicted emotional distress against Holloway under Florida law, for which the jury awarded $1,000 on each claim.  The jury found in favor of Officer Escobar on all remaining counts.  On September 14, 2016, the Court entered judgment according to the jury's verdicts.  Holloway now moves to recover attorney's fees and costs from Officer Escobar, and Officer Escobar moves to recover costs from Fripp.

## II.  STANDARDS OF REVIEW

Title 42 U.S.C. § 1988(b) authorizes a court to award attorney's fees to the party who prevails in an action brought pursuant to 42 U.S.C. § 1983.  "The starting point for

determining the amount of a 'reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The product of these two figures is called the "lodestar," and there is a strong presumption that the lodestar represents the reasonable value of fees which should be awarded.  *Id.*  The party applying to recover fees bears the burden of establishing the reasonableness of both the hourly rate and the hours expended.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Title 42 U.S.C. § 1988(b) also authorizes the court to award the expenses of litigation incurred by the prevailing party in a § 1983 lawsuit.  Costs recoverable under this provision include those categories of taxable costs enumerated by 28 U.S.C. § 1920, as well as "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case."  *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).  These types of expenses may include travel, meals, lodging, photocopying, computer legal research, postage, courier services, and expert witnesses. *See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1328 (M.D. Fla. 2003).  It is again the prevailing party's burden to prove that he is entitled to recover each cost and expense he seeks.  *Gomez v. Smith*, No. 8:13-cv-3185-T-33AEP, 2015 WL 5135772, at *2 (M.D. Fla. Sept. 1, 2015).

Finally, regardless of the type of case, 28 U.S.C. § 1920 authorizes the court to award specific types of costs to any party who prevails in a federal lawsuit.  It is the prevailing party's burden to prove these costs.  *Id.*

III.   **DISCUSSION**

A.   **Holloway's Motion for Attorney's Fees**

Officer Escobar does not dispute that Holloway is a prevailing party entitled to recover his reasonable attorney's fees under § 1988.  The Court therefore proceeds directly to calculating those fees.

1.   **Reasonable Hourly Rate**

The Court must first decide the appropriate hourly rate for Holloway's attorneys. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  In addition to skill, experience, and reputation, the Court may consider other factors in determining the appropriate hourly rate, including the time and labor required, the preclusion of other employment due to acceptance of the case, the degree of success obtained for the litigant, and hourly rates deemed reasonable in similar cases.  *See Assoc. of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (per curiam).  Further, the Court "is itself an expert on the question [of hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (quoting *Norman*, 836 F.2d at 1303).

Holloway asks the Court to award fees for his attorneys, Bradley N. Laurent and Carlus Haynes, using a rate of $350 per hour.  In support, Mr. Laurent and Mr. Haynes have submitted sworn affidavits describing their skills, experiences, and reputations.  Mr. Laurent has been a licensed attorney for eleven years and is a member in good standing with the Florida Bar.  Mr. Laurent has practiced in the area of civil rights since 2008 and

has litigated numerous federal civil rights cases throughout Florida.  Mr. Haynes has been a licensed attorney for thirteen years and is also a member in good standing with the Florida Bar.  Like Mr. Laurent, Mr. Haynes has practiced in the area of civil rights since 2008 and has litigated federal civil rights lawsuits throughout the state.  Mr. Laurent and Mr. Haynes affirm that the $350 hourly rate they seek is a reasonable and customary rate for civil rights attorneys in Central Florida.

While Mr. Laurent's and Mr. Haynes' affidavits are helpful in understanding their skills, experiences, and reputations, they are not enough, on their own, to establish the reasonableness of the hourly rates they seek.  *See Norman*, 836 F.2d 1292 at 1299. Because Holloway provides no additional evidence—expert or otherwise—speaking to the reasonable hourly rate for prevailing civil rights attorneys in Central Florida, the Court must look elsewhere to decide the issue.

To that end, the Court finds guidance in *Smith v. Chandler*, No. 6:11-cv-1332-Orl-31KRS, 2013 WL 3323187 (M.D. Fla. July 1, 2013), where Judge Gregory A. Presnell recently decided Mr. Laurent's and Mr. Haynes' reasonable hourly rates in a civil rights case. In *Smith*, Mr. Laurent and Mr. Haynes represented a plaintiff who ultimately succeeded at trial on a § 1983 false arrest claim and recovered $250 in compensatory damages for their client.  *Id.* at *1.  The parties in *Smith* agreed, and Judge Presnell accepted, that Mr. Laurent and Mr. Haynes were entitled to recover fees calculated at a $240 hourly rate.  *Id.*

Using the $240 hourly rate found to be reasonable in *Smith* as a starting point, the Court finds that Mr. Laurent and Mr. Haynes shall recover their fees at the rate of $285 per hour in this case.  First, inflationary considerations dictate that Mr. Laurent and Mr.

Haynes should recover more than $240 per hour.[1]  *See Norman*, 836 F.2d at 1302

(holding that courts should account for inflation in calculating an award of attorney's fees

and should "generally award compensation at current rates rather than at historic rates.").

Second, three years have passed since their victory in *Smith*, and since that time Mr.

Laurent and Mr. Haynes have acquired greater skill, experience, and reputation in their

litigation of civil rights cases.  Third, Mr. Laurent and Mr. Haynes achieved a greater

degree of success in this case than in *Smith*, earning $1,000 in compensatory damages

and $12,500 in punitive damages for Holloway on his excessive force claim.  Finally, $285

per hour is well within the range of reasonable hourly rates for civil rights attorneys with

comparable skills and experience in Central Florida.  *See Troche v. City of Orlando*, No.

6:14-cv-419-Orl-22KRS, 2015 WL 631380, at *3 (M.D. Fla. Feb. 13, 2015) (finding $250

per hour to be a reasonable rate for a civil rights attorney with six years of experience);

*Hodges v. Sch. Bd. of Orange Cty.*, No. 6:11-cv-135-Orl-36GJK, 2014 WL 6455436, at *7

(M.D. Fla. Nov. 13, 2014) (finding $295 per hour to be a reasonable rate for a civil rights

attorney with fourteen years of experience). The Court will therefore calculate Mr.

Laurent's and Mr. Haynes' attorney's fees at $285 per hour.

## 2.    Reasonable Hours Expended

Next, the Court examines the hours expended by Mr. Laurent and Mr. Haynes in

pursuit of this litigation.  "Fee applicants must exercise what the Supreme Court has

termed 'billing judgment,'" which means that a prevailing party can only recover fees for

work performed as a necessary part of the litigation.  *Am. Civil Liberties Union of Ga. v.*

---

[1]   The Court specifically finds that, adjusted for inflation, Mr. Laurent's and Mr. Haynes' $240 hourly rates
in *Smith* are now worth approximately $247 per hour.  *See* U.S. Dep't of Labor, Bureau of Labor
Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited
Jan. 26, 2017).

*Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). Conversely, a prevailing party will not be permitted to recover fees for work which is "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). Importantly, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*

Holloway asks the Court to compensate Mr. Laurent for 301.63 hours and Mr. Haynes for 116.00 hours of work in furtherance of this litigation. Mr. Laurent and Mr. Haynes have submitted their billing records for this case and advise that they have excluded hours they spent working on Fripp's claims (as she did not prevail) and hours they spent on Holloway's claims against the City and Officer Williams (as he did not prevail against these defendants). Officer Escobar contests several billing entries as excessive, redundant, or unnecessary, which the Court discusses in order.

Officer Escobar first disputes a total of 10 hours billed by Mr. Laurent on June 24, and June 25, 2014 for meeting with Holloway and researching Holloway's federal constitutional and state law claims. Officer Escobar contends that these hours are excessive for an attorney of Mr. Laurent's experience. Given the large number of claims raised and the general complexity of § 1983 law, the Court disagrees that 10 hours spent meeting with a client and researching his potential claims is excessive. The Court will not exclude this time.

Officer Escobar next disputes 3 hours billed by Mr. Laurent on August 4, 2014 for researching jury verdicts and settlements in similar cases brought in this Court. Officer Escobar states that this time "is unnecessary time to satisfy counsel's curiosity on the

valuation of Holloway's constitutional claims." The Court disagrees; it is entirely appropriate and necessary for counsel to conduct reasonable research into the value of his client's case so as to represent the client's best interests throughout the litigation. The Court will not exclude this time.

Officer Escobar next disputes a total of 5.5 hours billed by Mr. Laurent on June 30, 2014 and October 29, 2014 for meeting with Holloway and with the Orlando Police Department's internal affairs investigators regarding Officer Escobar. Officer Escobar contends that this time was unnecessary because the meetings were not compelled by subpoena and ultimately yielded no admissible evidence. However, the mere fact that litigation activity did not produce admissible evidence does not mean that the activity was unnecessary. Indeed, it seems wholly appropriate in a case involving accusations of police misconduct to meet with the police department's internal affairs investigators to discuss that misconduct. The Court will not exclude this time.

Officer Escobar next disputes a total of 12 hours billed by Mr. Laurent on November 4, and November 12, 2015 for personally attending Officer Escobar's state court criminal trial. Officer Escobar contends that these hours are redundant and unnecessary, especially considering that Mr. Laurent billed 14 hours on September 4, 2016 for reviewing the state court's transcript of the trial. Officer Escobar's objection is well-taken, and the Court finds that it was not necessary for Mr. Laurent to both attend the trial and read the trial transcript in furtherance of this litigation. The Court will exclude the **12 hours** billed by Mr. Laurent for personally attending the trial.

Officer Escobar next disputes a total of 16 hours billed by Mr. Laurent on March 15, and March 16, 2016 for reviewing discovery produced by the City relating to Officer

Escobar's employment, his internal affairs investigation, and settlements in other cases. Officer Escobar again challenges the propriety of researching settlements in other similar cases.[2] For the same reasons stated previously, the Court finds that it is appropriate and necessary for an attorney to conduct reasonable research regarding the value of his case and settlement results in prior, similar cases. The Court will not exclude this time.

Officer Escobar next disputes a total of 12.5 hours billed by Mr. Laurent on July 27, and August 8, 2016 for reviewing, researching, and responding to Officer Escobar's pretrial motion in limine and motion to bifurcate the trial. Officer Escobar apparently takes the position that this time was unnecessary because Officer Escobar ultimately prevailed on the motion in limine. Of course, the fact that a party loses on a particular motion, by itself, is no indication that the litigation activity relating to that motion was unnecessary, or else the Court would be asked by every losing party to sift through the docket at the end of the day and determine who won and lost every motion and objection. Since Officer Escobar does not assert that Holloway's response to the motion in limine was frivolous, vexatious, or made for any other improper purpose, the Court will not exclude this time.

Officer Escobar next disputes 1.0 hours billed by Mr. Laurent on August 16, 2016 for reviewing the Court's order resolving Officer Williams' and the City's motion for summary judgment and 0.3 hours billed by Mr. Laurent on the same day for amending Holloway's witness list in light of that order. Officer Escobar contends that both activities were unnecessary as it relates to him because he never filed for or opposed summary judgment. The Court agrees that the 1.0 hours billed for reviewing an order unrelated to Officer Escobar is unnecessary and not recoverable against him. However, the order

---

[2] The Court notes that Officer Escobar does not challenge the time spent reviewing discovery relating to Officer Escobar's employment and the internal affairs investigation.

does not exist in a vacuum, and its effects reached Holloway's litigation efforts against Officer Escobar.  Because Holloway's witness list applied equally to his case against Officer Williams as it did against Officer Escobar, the Court will divide the time spent amending the witness list and allow Holloway to recover for 0.15 hours.  The Court will therefore exclude a total of **1.15 hours** related to these billing entries.

Officer Escobar's last billing dispute concerns 8.7 hours billed by Mr. Laurent on August 31, 2016 for reviewing a deposition transcript and conducting legal research in preparation for summary judgment.  However, the Court entered its order resolving all pending motions for summary judgment two weeks earlier on August 16, 2016.  The Court therefore finds that this billing entry was either entered in error or is not related to Holloway's litigation against Officer Escobar.  The Court will exclude **8.7 hours**.

As a final matter, the Court has reviewed the remaining billing entries submitted by Mr. Laurent and Mr. Haynes.  Noting that Officer Escobar does not contest any of these hours, the Court finds all remaining hours to be reasonable and necessary for Holloway's lawsuit against Officer Escobar.

In sum, the Court will exclude a total of 21.85 hours[3] from Mr. Laurent's billing. This means that Holloway is entitled to recover for 279.78 hours[4] expended by Mr. Laurent and for 116.00 hours expended by Mr. Haynes, for a total of 395.78 hours.[5]

### 3.    Calculating the Lodestar

The Court has determined that Holloway is entitled to recover 395.78 hours of attorney's fees at the rate of $285 per hour, the product of which equals $112,797.30.[6]

---

[3]    12.0 + 1.15 + 8.7 = 21.85
[4]    301.63 − 21.85 = 279.78
[5]    279.78 + 116.00 = 395.78
[6]    395.78 × $285.00 = $112,797.30

This value is the lodestar and serves as the Court's foundation for awarding Holloway's attorney's fees.

### 4. Whether the Lodestar Should be Adjusted

Having calculated the lodestar, the Court ends its analysis by considering Officer Escobar's request to adjust the lodestar.  As explained earlier in this Order, there is a strong presumption that the lodestar represents the reasonable value of fees which should be awarded to the prevailing party.  *Bivins*, 548 F.3d at 1350.  However, the Court retains discretion to adjust the lodestar upward or downward "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010); *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993) (observing that "courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted to a higher or lower level").

Officer Escobar argues that the Court should adjust the lodestar downward to more accurately reflect the degree of Holloway's success in this case.  To support his position, Officer Escobar compares both the damages Holloway initially sought for his § 1983 claims in his Rule 26 disclosures ($300,400) and which he requested from the jury during closing argument (over $150,000), with the jury's final award ($13,500).  Officer Holloway concludes that the stark contrast between what Holloway sought and what he actually recovered reveals that Holloway's attorneys "did not obtain an excellent result" in this case, thus demanding that the lodestar be "substantially reduced" to reflect that disparity. (Doc. 101, pp. 10, 12).

It is true that the degree of attorney success in a case can serve as a reason for adjusting the lodestar and that a comparison of the damages sought with the damages actually recovered can be an appropriate method for measuring the degree of attorney success. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 16-11868, 2017 WL 343520, at *3 (11th Cir. Jan. 24, 2017) (per curiam).  However, it is well-established that using a strict mathematical approach such as what Officer Escobar advocates here—*i.e.*, reducing the lodestar in proportion to the degree of success obtained—is improper. *Id.*  In fact, in the specific context of civil rights litigation, the United States Supreme Court flatly rejects the notion that the lodestar should be reduced solely because the plaintiff recovered significantly less money than what he sought. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (plurality opinion); *see also Gray v. Bostic*, 652 F.3d 692, 701–02 (11th Cir. 2010) (en banc) (observing the same principle).  The reason, of course, is that the plaintiff in a civil rights case "seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Rivera*, 477 U.S. at 574.  As a result, a court should consider both the monetary and non-monetary aspects of success when awarding attorney's fees under § 1988. *Id.*; *see also Gray*, 652 F.3d at 702.

Holloway's excessive force claim against Officer Escobar in this case was righteous.  At trial, Holloway introduced cell phone video footage showing Officer Escobar punching Holloway in the back of the head twice while Holloway was handcuffed and motionless on the ground.  For this, the jury awarded punitive damages to Holloway as an expression of their outrage for Officer Escobar's blatantly malicious violation of Holloway's constitutional rights.  The fact that Holloway did not prevail on his § 1983 false arrest claim and did not recover the sum requested by counsel in closing arguments does

not detract from counsel's ultimate success in this case.  It was clear during the trial that the gravamen of Holloway's allegations against Officer Escobar revolved around his use of excessive force.  And despite clear video evidence depicting the events, Officer Escobar staunchly denied responsibility.  Through this litigation, Holloway's attorneys shined a light on Officer Escobar's abuse of authority, held him accountable for his actions, and unequivocally placed the City of Orlando on notice regarding Officer Escobar's misconduct.  After considering both the monetary and non-monetary aspects of the jury's verdict, the Court finds that the lodestar of $112,797.30 accurately reflects the degree of success achieved by Holloway's attorneys.

In his response to Holloway's motion for attorney's fees, Officer Escobar also asks the Court to adjust the lodestar downward to account for his financial circumstances.  At the time he filed the response, Officer Escobar was earning a substantially lower income due to his termination from the Orlando Police Department, and he owed significant debts relating to the defense of his state criminal prosecution.  However, Officer Escobar has since supplemented his response, advising the Court that his financial circumstances have improved.  Apparently, the Orlando Police Department rehired Officer Escobar with full seniority, pay, and benefits, including all raises and back-pay Officer Escobar would have received had he not been terminated. The Court therefore finds that Officer Escobar's financial circumstances do not warrant a downward adjustment to the lodestar.

## B.  Holloway's Application for Costs and Expenses

Next, Holloway applies to recover his costs and expenses of litigation from Officer Escobar under 42 U.S.C. § 1988, and Officer Escobar asks the Court to review those costs and expenses.  As discussed previously, the prevailing party in a § 1983 suit may

recover both those costs enumerated by 28 U.S.C. § 1920 and all other reasonable expenses incurred during the course of litigation. *Dowdell*, 698 F.2d at 1192. Holloway seeks $5,371.97 in costs and expenses. The Court reviews Officer Escobar's objections to these costs and expenses in order.

First, Officer Escobar objects to Holloway's request to recover $330.67 in mediation expenses. As the parties are aware, mediation is mandatory for every case brought in this Court. As a result, Holloway's mediation expenses were incurred as a reasonable and necessary part of this litigation and are recoverable under § 1988.

Officer Escobar next objects to Holloway's request to recover $1,037.00 in exemplification and copying costs. The Court agrees with Officer Escobar that Holloway failed to provide adequate documentation or explanation justifying these costs, and the Court is otherwise unable to determine for what purpose these costs were incurred. The Court will therefore exclude the **$1,037.00** in unsupported exemplification and copying costs.

Officer Escobar next objects to Holloway's request to recover $140.00 spent to hire a computer technician to confirm the authenticity of the cell phone video used at trial, which showed a substantial portion of the events which gave rise to this lawsuit. The Court finds that this investigative expense was incurred as a reasonable and necessary part of the litigation.

Officer Escobar next objects to Holloway's request to recover the expense of Fripp's airfare, who appeared as a witness in Holloway's case-in-chief. Officer Escobar complains that Holloway fails to show that the airfare was the least expensive airfare available and that any additionally expense related to rescheduling Fripp's airfare was

Fripp's fault, as she was serving in the military at the time.   Officer Escobar's second complaint is meritless, and the Court finds that the cost of Fripp's airfare was reasonable. Additionally, it is well-settled that travel expenses are recoverable under § 1988.   *See Am. Charities for Reasonable Fundraising Regulation*, 278 F. Supp. 2d at 1328.

Officer Escobar next objects to costs associated with taking eight depositions and obtaining a copy of Officer Escobar's criminal trial transcript.   The Court finds that all of the depositions and the transcript are reasonable expenses incurred in pursuit of this litigation and are recoverable under § 1988.

Officer Escobar's final objection is to Holloway's request to recover fees for serving summonses and subpoenas for trial.   With the exception of $150.00 spent on attempting to serve a witness who was precluded from testifying at trial, the Court finds that all other fees were reasonably incurred as part of the litigation.   The Court will exclude **$150.00** from Holloway's costs.

The Court has reviewed the remaining costs and expenses sought by Holloway. Noting that Officer Escobar does not contest any of these costs and expenses, the Court finds all remaining costs and expenses to have been reasonably incurred as a part of this litigation.   In sum, the Court will exclude $1,187.00 as unrecoverable[7] and award a total of $4,184.97 in costs[8] to Holloway.

### C.   Officer Escobar's Application for Costs

Lastly, Officer Escobar applies to recover his costs of litigation from Fripp under 28 U.S.C. § 1920, and Fripp asks the Court to review those costs.[9]   Officer Escobar seeks

---

[7]   $1,037.00 + $150.00 = $1,187.00

[8]   $5,371.97 − $1,187.00 = $4,184.97

[9]   The Court briefly notes the distinction between Holloway's application for costs and expenses under 42 U.S.C. § 1988 and Officer Escobar's application for costs under 28 U.S.C. § 1920.   Because

$3,411.42 in costs, and the Court reviews Fripp's objections to these costs in order.

Fripp first objects to Officer Escobar's request to recover $420.00 incurred for serving summonses and subpoenas for trial.  Officer Escobar explains that he seeks $35.00 for each of nine witnesses, plus $65.00 for service of a subpoena duces tecum on Smith & Wesson Corp., which manufactured a gun that was discovered during the events giving rise to this case.  The Court will exclude $35.00 in service fees associated with each Holloway, Fripp, and Officer Williams, as they were all parties to this case and required to be at trial.  The Court will additionally exclude the $65.00 sought relating to Smith & Wesson, as a corporate representative for Smith & Wesson never appeared at trial and there was no reason for such an individual to appear in Officer Escobar's defense of Fripp's claims.  Finally, Officer Escobar fails to account for the remaining $50.00 in service fees sought, which the Court will exclude as unsupported.  To summarize, the Court will exclude $35.00 for service on Holloway, $35.00 for service on Fripp, $35.00 for service on Officer Williams, $65.00 for service on Smith & Wesson, and $50.00 in unsupported service fees, for a total exclusion of **$220.00**.  The Court finds the remaining service costs recoverable.

Fripp next objects to Officer Escobar's request to recover $135.00 in witness fees, which includes $45.00 in witness fees paid to each Holloway, Fripp, and another witness. Because Holloway and Fripp were both parties to this lawsuit and required appear at trial, the Court will exclude the **$90.00** in witness fees relating to them.  *See Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1442 (7th Cir. 1994) ("The general

---

Holloway is a prevailing party under § 1988, he is entitled to recover costs and expenses under that statute.  However, since Officer Escobar does not contend that he is a prevailing party within the meaning of § 1988, he is limited to recovering only those costs enumerated by § 1920, which provides for an award of costs to any federal-court prevailing party, regardless of the type of claim at issue.

rule . . . is that 'parties may not normally collect witness fees.'") (citation omitted).  The Court will allow Officer Escobar to recover the $45.00 for the other witness.

Fripp next objects to Officer Escobar's request to recover $2,054.25 in transcript costs.  The Court finds that all of the transcripts for which costs are sought were necessarily obtained for use in the case.  However, the Court will divide the amount recoverable in half because the transcripts were obtained for use against both Holloway and Fripp, and Officer Escobar did not prevail against Holloway.  The Court will therefore reduce the amount sought by **$1,027.13**.

Fripp's final objection is to Officer Escobar's request to recover $802.17 in exemplification and copying costs.  The Court finds that all of these costs were necessarily obtained for use in the case, but will again divide the amount recoverable in half for the same reasons stated above.  The Court will therefore exclude **$401.09**.

The Court has reviewed the remaining costs sought by Officer Escobar.  Noting that Fripp does not contest any of these costs, the Court finds all remaining costs to be recoverable.  In sum, the Court will exclude $1,738.22 as unrecoverable[10] and award a total of $1,673.20 in costs[11] to Officer Escobar.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Refus Holloway's Motion to Tax Attorney's Fees and Costs (Doc. 97) is **GRANTED IN PART** and **DENIED IN PART**.

---

[10]   $220.00 + $90.00 + $1,027.13 + $401.09 = $1,738.22
[11]   $3,411.42 − $1,738.22 = $1,673.20

2. Plaintiff Luciare Fripp's Motion to Review Defendant William Escobar's Proposed Bill of Costs (Doc. 95) is **GRANTED IN PART** and **DENIED IN PART**.

3. Defendant William Escobar's Motion to Review Plaintiff Refus Holloway's Proposed Bill of Costs (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART**.

4. The Clerk of Court is **DIRECTED** to enter the following Judgment:

> Plaintiff, Refus Holloway, Jr., shall recover from Defendant, William Escobar, One Hundred Sixteen Thousand Nine Hundred Eighty-Two and 27/100 Dollars ($116,982.27) in attorney's fees and costs, which shall bear interest at the legal rate as provided by law, for which sum let execution issue.

> Defendant, William Escobar, shall recover from Plaintiff, Luciare Fripp, One Thousand Six Hundred Seventy-Three and 20/100 Dollars ($1,673.20) in costs, which shall bear interest at the legal rate as provided by law, for which sum let execution issue.

**DONE AND ORDERED** in Orlando, Florida on January 30, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record