# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REFUS HOLLOWAY, JR. and**
**LUCIARE FRIPP,**

        **Plaintiffs,**

**v.**                                                               Case No:   6:15-cv-129-Orl-40GJK

**THE CITY OF ORLANDO, WILLIAM**
**ESCOBAR and JOEL WILLIAMS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **CLAIM OF EXEMPTION AND REQUEST FOR HEARING (Doc. No. 122)**
>
> **FILED:** July 31, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

### I. FACTUAL BACKGROUND

On September 14, 2016, judgment was entered in favor of Plaintiff Refus Holloway and against Defendant William Escobar (the "First Judgment"):

> **IT IS ORDERED AND ADJUDGED**, [t]hat Plaintiff, Refus Holloway, Jr., shall recover from Defendant, William Escobar, Fifteen Thousand Five Hundred and 00/100 Dollars ($15,500.00), which shall bear interest at the legal rate as provided by law, along with costs, for which sum let execution issue.

Doc. No. 91 at 1. On January 31, 2017, another judgment was entered in favor of Mr. Holloway and against Mr. Escobar (the "Second Judgment"):

> **IT IS ORDERED AND ADJUDGED** that the Plaintiff, Refus Holloway, Jr., shall recover from the Defendant, William Escobar, One Hundred Sixteen Thousand Nine Hundred Eighty-Two [and 27/100] Dollars ($116,982.27) in attorneys' fees and costs, which shall bear interest at the legal rate as provided by law, for which sum let execution issue…

Doc. No. 106 at 1. The First and Second Judgments remain unsatisfied. Doc. No. 113 at 1. On May 25, 2017, the Clerk issued a continuing writ of garnishment against the City of Orlando (the "City"). Doc. No. 115. On the same day, the Clerk issued writs of garnishment against the City and Orlando Federal Credit Union ("OFCU").[1] Doc. Nos. 116, 117. The City and OFCU filed their respective answers to the writs. Doc. Nos. 120, 121.

On July 31, 2017, Mr. Escobar filed a sworn Claim of Exemption and Request for Hearing (the "Motion"). Doc. No. 122. Mr. Escobar claims that his wages are exempt from garnishment because he provides more than one-half of the support for a child and has net earnings of $750 or less per week.[2] *Id.* at 1. On August 3, 2017, Mr. Holloway filed an unsworn objection to the Motion (the "Response"). Doc. No. 123. Attached to the Response is a pay stub appearing to show that Mr. Escobar makes more than $750 per week. Doc. No. 123-2. The Response also states that Mr. Escobar "was awarded a significant amount of money through arbitration …" Doc. No. 123 at 2. Mr. Holloway attaches Mr. Escobar's arbitration award to the Response. Doc. No. 123-3.

---

[1] Mr. Escobar is a City of Orlando police officer who has a bank account with OFCU. Doc. No. 113 at 2.
[2] Section 222.11(2)(a) of the Florida Statues states that "[a]ll of the disposable earnings of a head of family whose disposable earnings are less than or equal to $750 a week are exempt from attachment or garnishment." Fla. Stat. § 222.11(2)(a).

## II. ANALYSIS

Collection of money judgments are governed by Federal Rule of Civil Procedure 69. Rule 69(a)(1) states:

> (1) *Money Judgment; Applicable Procedure*. A money judgment is enforced by a writ of execution, unless the court directs otherwise. <u>The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.</u>

Fed. R. Civ. P. 69(a)(1) (emphasis added). Thus, proceedings in aid of judgment or execution must accord with the law of the state where the federal court is located. *Id.* Section 77.041(3) of the Florida Statutes states:

> (3) <u>Upon the filing by a defendant of a sworn claim of exemption and request for hearing,</u> a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. <u>If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption</u> within 8 business days after hand delivering the claim and request or, alternatively, [fourteen] business days if the claim and request were served by mail, no hearing is required and <u>the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.</u>

Fla. Stat. § 77.041(3) (emphasis added). Thus, if a plaintiff or plaintiff's attorney does not file a sworn written statement that answers a defendant's claim of exemption, the Clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. *Id.* Furthermore, "Florida law requires garnishment statutes to be strictly construed." *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, 149 F. Supp. 3d 1337, 1340 (M.D. Fla. 2015) (citing authority). Thus, while the Response raises substantial questions regarding the validity of Mr. Escobar's claim of exemption, the Response is not a sworn written statement. Doc. No. 123; Fla. Stat. § 77.041(3). Accordingly, Mr. Holloway failed to comply with Section 77.041(3), and the Clerk "must

automatically dissolve the writ and notify the parties of the dissolution by mail." Fla. Stat. § 77.041(3). *See also Crop Production Services, Inc. v. Baxter*, No. 3:10mc65/MCR/MD, 2010 WL 5621323, at * 2-3 (N.D. Fla. Dec. 16, 2010) (finding that a writ of garnishment should be dissolved because plaintiff did not file a sworn written statement contesting a defendant's claim of exemption).

**III. CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that:

1) The continuing writ of garnishment issued against the City (Doc. No. 115) and the writs of garnishment issued against the City and OFCU (Doc. Nos. 116 and 117) be **DISSOLVED**; and

2) The Motion (Doc. No. 122) be **DENIED AS MOOT**; and

3) The Clerk be directed to notify the parties of the dissolved writs of garnishment by mail.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 4, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy